UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Woodbridge Group of Companies, LLC,
*et al,*

Remaining Debtors.

Case No. 17-12560 (JKS)
(Jointly Administered)

Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust,

Plaintiff,

Adv. No. 19-51070 (JKS)

v.

Forecast Financial Group, LLC, Forrest Financial, LLC and Gary Forrest,

Defendants.

FILED
2022 JAN -3 PM 1:36
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**Answer by Defendant Gary Forrest to Plaintiff's Motion for Default Judgment**

1. I do not have counsel and am filing this answer on my own behalf.

2. I do not know enough about jurisdiction and venue to know if jurisdiction and venue are contestable.

3. I agree that there is a bankruptcy involving Woodbridge Group of Companies, LLC. I was one of the creditors of Woodbridge Group of Companies, LLC and was owed $50,000.00 for monies that I invested with them.

4. I believe I was served with a copy of the Summons and Complaint in this case. I do not believe that I received a copy of a Request for Entry of Default, but am not certain.

5. I did not file an answer because I did not have money to hire counsel.

In 2012 I was diagnosed with bladder cancer. I have undergone chemo therapy which led to a total cystectomy with creation of neo-bladder plus prostatectomy in 2012. While I was undergoing treatment, I began to experience memory loss. I have suffered from progressive dementia which becomes apparent with word finding problems and general cognitive impairment. In 2017, my symptoms were progressing.

**Miscellaneous**

1. I lost my securities license with the State of Michigan in 2017.

2. Before I began representing Woodbridge, I got an opinion from William C. Shedd, an attorney located in the Flint, Michigan area who said that there had been no determination by the Michigan Attorney General or any other Michigan official that he was aware of that the sale of the Woodbridge notes was illegal. Mr. Shedd did tell me that there is an element of risk associated with any investment, but that the risk was disclosed and the real issue was whether or not the sales qualified as an exempt security or not. He said that depended on the marketing and since the Michigan brochure that I was given showed that the notes were being offered to a limited class of people who were qualified investors and was not using a broad form of advertising. In reliance upon this, I went ahead and sold the notes.

3. Regarding the claims that are made against me, I believe one of them is that this claim was a transfer that was made to pay a previous debt. In this case, the payment of commissions to me was made within the agreed payment time. The time that commission was paid to me was uniformly within 30 days of the purchase by the investor.

4. I am advised that, in addition to the preference claim, there was a claim that within two years before the bankruptcy, that the transfers were fraudulent because the clients were told they were investing money that would purchase properties that were worth

more than the borrowed money. I believed this to be true and not fraudulent. I was given information showing the value of the properties was greater than the loans from the investors. The investors were never told they were getting mortgages. So when the sales were made, to my knowledge, there were sufficient assets to pay the amount of the claims in full.

5. The seventh and eighth claims for relief say that the Plaintiff is the assignee of the investors. I have not seen any evidence of that. In fact, the investors still have their claims and are being paid on those claims based up on the claims register.

6. I do not have any assets. I have not worked since December of 2017. I am 74 years old and receive only social security income. I have no other monies. I live in a house with my wife that we own together as tenants by the entireties, which as I understand it, is an exempt asset. I have no savings. My wife has retirement income from her career as a nurse which supports us in addition to the social security income.

7. I would like the default set aside so I can defend this.

Dated: January 3, 2022

Gary Forrest
5250 Wyndemere Commons
Swartz Creek MI 48473
gry_frrst@yahoo.com

STATE OF MICHIGAN )
) ss.
COUNTY OF GENESEE)

Subscribed and sworn to before me this 3rd day of January, 2022.

Gina M. Herron, Notary Public
Genesee County, Michigan
Acting in Genesee County, Michigan
My Comm. Expires: 9/17/25